# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFFREY R. GREEN,

    Defendant.

Case No. 3:16-cr-00063-SLG

## ORDER REGARDING MOTION TO DISMISS FELONY INFORMATION

Before the Court at Docket 126 is defendant Jeffrey R. Green's Motion to Dismiss Felony Information. The government opposed the motion at Docket 137. Mr. Green filed a reply at Docket 140.

**I.    Procedural posture**

In 2016, Mr. Green was indicted on one count of being a felon in possession of a firearm pursuant to 18 U.S.C. §§ 922(g) and 924(a).[1] The indictment alleged that Mr. Green possessed three different firearms.[2] Mr. Green pleaded guilty, admitting that he possessed one of the firearms.[3] After an evidentiary hearing, the Court found that the government had proved by a preponderance of the evidence that Mr. Green also possessed the other two firearms.[4] At sentencing, the Court declined to award Mr. Green

---

[1] Docket 2.

[2] Docket 2.

[3] Docket 105 at 27.

[4] Docket 106 at 106.

acceptance of responsibility points and made this decision prior to Mr. Green's allocution.[5] Mr. Green appealed.

In August of 2019, the Ninth Circuit issued its opinion in Mr. Green's case.[6] In October of 2019, that opinion was withdrawn and superseded with an amended opinion.[7] The Ninth Circuit held that the Court "erred by concluding that it could not first hear from the defendant before determining whether a reduction for acceptance of responsibility was warranted under the Sentencing Guidelines."[8] The Ninth Circuit "vacate[d] the sentence and remand[ed] for resentencing."[9]

The government has filed an Amended Felony Information, which charges Mr. Green with two counts of being a felon in possession: One count involves the firearm he previously admitted possessing, and the other count involves the two firearms the Court found that he had possessed.[10] Mr. Green has moved to dismiss this Felony Information.[11]

---

[5] Docket 108 at 35.

[6] *United States v. Green*, 935 F.3d 677 (9th Cir. 2019) (withdrawn and superseded, 940 F.3d 1038 (9th Cir. 2019)).

[7] *United States v. Green*, 940 F.3d 1038 (9th Cir. 2019).

[8] *Id.* at 1046.

[9] *Id.*

[10] Docket 136. The government previously filed a Felony Information that charged Mr. Green with three counts of felon in possession, one for each firearm. Docket 120.

[11] Although Mr. Green's motion moves to dismiss the Felony Information at Docket 120, its arguments are applicable to the Amended Felony Information at Docket 136. The Court construes the motion as also challenging the Amended Felony Information.

## II. The scope of remand

"Once an appeal has been decided on the merits, the mandate is issued. If the case is remanded for further proceedings, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal."[12] The Ninth Circuit's directive in this case states that it was remanding the matter to this Court for "resentencing." The Ninth Circuit did not vacate Mr. Green's conviction.

Despite the validity of Mr. Green's conviction for the charge brought in the Indictment, the government asserts two reasons why its Amended Felony Information should not be dismissed. First, the government maintains that a new charging instrument is needed to ensure that Mr. Green is properly charged with a federal offense in light of the Supreme Court's recent decision in *Rehaif v. United States*.[13] The Court agrees that the government should be allowed to amend the charge to include the additional element of Mr. Green's knowledge of his status as a felon as required by *Rehaif*.[14]

The government also asserts that it is now correctly charging Mr. Green with two counts of felon in possession because one of the firearms was found on Mr. Green's person while the other two firearms were found in a safe inside Mr. Green's apartment.[15]

---

[12] *United States v. Washington*, 172 F.3d 1116, 1118 (9th Cir. 1999).

[13] Docket 137 at 3–8. In *Rehaif*, 139 S. Ct. 2191 (2019), the Supreme Court held that in a prosecution for felon in possession charges, the government must prove that the defendant knew he was felon (or knew that he fell within one of the other enumerated categories) at the time he possessed the firearm.

[14] *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998) (district court has discretion to depart from the mandate of a higher court if an intervening change in the law has occurred).

[15] Docket 137 at 8–12.

Relying on *United States v. Wiga*[16] and *United States v. Szalkiewicz*,[17] the government maintains that two separate counts are proper because, although the firearms were simultaneously possessed, they were "stored or acquired at different times and places" and thus may be charged in separate counts.[18] But *Wiga* and *Szalkiewicz* were decided more than 35 and 25 years ago, respectively. The government's late recognition of an alternative charging structure does not allow it to bring additional charges at this stage, after Mr. Green has already pleaded guilty to the government's original charge and after the Ninth Circuit's mandate to this Court limits the remand to a resentencing.[19]

### III. Prosecutorial vindictiveness

Mr. Green asserts that the government's filing of additional charges after Mr. Green's success on appeal supports a presumption of vindictiveness.[20] The Court declines to reach this issue in light of the clear directive of the Ninth Circuit's mandate to this Court that directs only resentencing.

In light of the foregoing, the motion at Docket 126 is granted without prejudice to the government to file an information incorporating the elements of 18 U.S.C. § 922(g) as set forth in *Rehaif v. United States*.

DATED this 26th day of November, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[16] 662 F.2d 1325 (9th Cir. 1981).

[17] 944 F.2d 653 (9th Cir. 1991).

[18] Docket 137 at 9 (quoting *Wiga*, 662 F.2d at 1336).

[19] *Cf.* Fed. R. Crim. P. 7(e) ("Unless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time *before the verdict or finding*.") (emphasis added).

[20] Docket 126 at 6–7.